IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3167-F

| | |
|---|---|
| JESUS S. MORALES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| CAPTAIN PAYNTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

This matter is before the court upon the following motions:

1) Defendants' motion to dismiss [DE-15];

2) Plaintiff's motion to amend his complaint [DE-18];

3) Plaintiff's motion to appoint counsel [DE-19]; and

4) Plaintiff's motion for relief [DE-20].

For the following reasons: (1) Plaintiff's motion to amend his complaint [DE-18] is ALLOWED; (2) Plaintiff's motion to appoint counsel [DE-19] is DENIED; (3) Plaintiff's motion for relief [DE-20] is ALLOWED in part and DENIED in part; and (4) Defendants' motion to dismiss is ALLOWED.

## I. Motion to amend

Plaintiff has filed a motion to amend his complaint. Mot. [DE-18]. Under Rule 15 of the Federal Rules of Civil Procedure, a "motion to amend should be denied only where it would be

prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008); see Foman v. Davis, 371 U.S. 178, 182 (1962). Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Given this liberal standard, Plaintiff's motion to amend [DE-18] is ALLOWED.

## II. Motion to appoint counsel

Plaintiff filed a motion seeking the appointment of counsel on August 22, 2012. Mot. [DE-4]. That request was denied on November 15, 2012. November 15, 2012 Order [DE-6], p. 2. On April 16, 2013, Plaintiff renewed his request for counsel, stating that his "imprisonment will greatly limit his ability to litigate." Mot. [DE-19].

There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264 (5th Cir. 1982)); see also Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him.").

Plaintiff's claim is not particularly complex, nor do other exceptional circumstances exist. Plaintiff has demonstrated through his filings that he is capable of proceeding pro se. Therefore, Plaintiff's renewed motion to appoint counsel [DE-19] is DENIED.

2

### III. Motion for relief

On November 14, 2013, Plaintiff filed a motion "respectfully requesting . . . immediate help from this honorable court." Mot. [DE-20]. He does not specify the precise relief he requests. The motion also briefly elaborates upon the nature of his claims. To the extent this could be construed as a request to further amend his claims, this request is ALLOWED, and the additional allegations contained in Plaintiff's motion for relief have been considered by this court.

The court will also construe Plaintiff's motion as a request for a preliminary injunction[1]. To obtain a preliminary injunction, a Plaintiff must demonstrate: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). Here, for reasons discussed below, Plaintiff is not likely to succeed on the merits, nor has he demonstrated that he is likely to suffer irreparable harm. Likewise, an injunction is not in the public interest because the public interest is best served if courts do not get involved with the daily operations of a prison, especially prior to the finding of a constitutional violation. Cash v. Thomas, No. 6:12-1278-DNC-KFM, 2013 WL 1826619, at * 2 (D.S.C. Apr. 8, 2013). Accordingly, Plaintiff's request for injunctive relief is DENIED.

### IV. Motion to dismiss

Defendants assert that Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When subjected to a Rule 12(b)(6) motion, a "complaint

---

[1] Plaintiff also requests injunctive relief in his original and amended complaints. Compl. [DE-1], p. 4; Am. Compl. [DE-18], p. 5.

3

must be dismissed if it does not allege 'enough facts to state a claim to relief that is *plausible* on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir.2008) (emphasis in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Supreme Court in Twombly upheld a Rule 12(b)(6) dismissal because the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. See Monroe v. City of Charlottesville, Va., 579 F.3d 380, 386 (4th Cir.2009), cert. denied, 559 U.S. 992 (2010). Accordingly, while a reviewing court must "accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff", Philips v. Pitt County Memorial Hosp., 572 F.3d 176, 180 (4th Cir. 2009), the court still "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Simmons v. United Mortg. & Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir.2011) (internal quotations and citations omitted). In doing so, "the court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe, 579 F.3d at 385–86 (quotation marks and alteration marks omitted).

### A. Excessive Force

Plaintiff first contends that on March 31, 2012 Defendant Paynter "pulled his pepper-spray canister out of its holster [and threatened] to pepper-spray him without reason or motive at all." Am. Compl. [DE-18], p. 2. He also alleges that Defendant Lynch laughed while this occurred. Id. Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6 (1992) (quotation omitted). This court must look at the need for application of force; the relationship between that need and the amount of force

4

applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and any efforts made to temper the severity of the response. Whitley v. Albers, 475 U.S. 312, 321 (1986). The absence of significant injury alone is not dispositive of a claim of excessive force. Wilkens v. Gaddy, 559 U.S. 34, 37-38 (2010). However,"[m]ere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983." Henslee v. Lewis, 153 Fed. Appx. 178, 180 (4th Cir. 2005) (unpublished opinion); accord Wilson v. McKeller, 254 Fed. Appx. 960, 961 (4th Cir. 2007) (unpublished opinion).

Here, Plaintiff contends that Defendant Paynter threatened him by pulling his pepper-spray canister out of its holster and pointing it at Plaintiff. Am. Compl. [DE-18], p. 2. Plaintiff does not allege that Defendant Paynter touched him or deployed the pepper spray against him, nor does Plaintiff allege that he suffered any injury whatsoever as the result of Defendant Paynter's alleged actions. Plaintiff, at most, alleges that Defendant Paynter made a threat against him, which does not state a cognizable claim. Henslee, 153 Fed. Appx. at 180. For these reasons, the court ALLOWS Defendants' motion to dismiss Plaintiff's excessive force claim.

### B. Retaliation

Next, Plaintiff asserts that "Defendants have been conducting [campaigns] of retaliation, harassment, humiliation and intimidation against [him] for filing a grievance against Defendants Paynter [and] Lynch." Am. Compl. [DE-18], p. 3. In order to prevail on a claim of retaliation, Plaintiff "must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams v. Rice, 40 F.3d 72, 75 (4th Cir.1994). An inmate must also demonstrate that he suffered some adversity in response

5

to his exercise of protected rights. Daye v. Rubenstein, 417 Fed. App'x. 317, 319 (4 Cir. 2011). Inmate claims of retaliation should be treated with skepticism because "every act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds directly to prisoner misconduct." Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996) (quotation omitted). Here, Plaintiff offers little in support of his claim other than conclusory allegations. He provides few supporting facts and describes no resulting injuries.

For example, Plaintiff asserts that he was denied access to his diabetes medication, but this appears to be an isolated incident and he describes no resulting injury. Mot. [DE-20], p. 1. Likewise, Plaintiff asserts that his personal and legal mail "for starting this civil action" were confiscated. Am. Compl. [DE-18], p. 3. However, Plaintiff's allegations are insufficient to state a viable claim for denial of access to the courts. In order to state such a claim, Plaintiff must allege actual injury in that defendants' actions somehow hindered his efforts to pursue a legal claim. See Lewis v. Casey, 518 U.S. 343, 351-54 (1996); Michau v. Charleston County, 434 F.3d 725, 728 (4th Cir.2006); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir.1996) (en banc); American Civ. Liberties Union v. Wicomico County, 999 F.2d 780, 785-86 (4th Cir.1993). Further, isolated incidents without negative consequences to plaintiff do not constitute a constitutional deprivation of one's rights. See, e.g., Buie v. Jones, 717 F.2d 925, 926 (4th Cir.1983) (occasional accidental opening of legal mail does not state of claim of the denial of one's right to the access of court). "[P]rison officials' actions that allegedly violate an inmate's right of access to the courts must have impeded the inmate's pursuit of a nonfrivolous, post-conviction claim or civil rights action." Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir.1998). To demonstrate an actual injury, "a plaintiff must provide evidence of such deterrence, such as a denial or dismissal of a direct appeal, habeas

6

petition, or civil rights case that results from actions of prison officials." Id. at 1290–91 (citations omitted). Plaintiff has not made such a showing. Moreover, the right to file grievances is not a constitutionally protected right and thus no retaliation may be asserted therefrom. Credle v. Lewis, 5:11-CT-3120-BO, 2013 WL 831653, at * 6 (E.D.N.C. Mar. 6, 2013). For these reasons, the court ALLOWS Defendants' motion to dismiss Plaintiff's retaliation claim.

## C. Strip search

Finally, Plaintiff alleges that on August 5, 2012, Defendant Timmons "conducted an illegal strip search of Plaintiff[] without penological interests." Am. Compl. [DE-18], p. 3. As a general rule, visual strip searches in prisons are routine and do not violate the Constitution unless carried out in an unreasonable manner. See e.g., Florence v. Bd. of Chosen Freeholders of the County of Burlington, 132 S.Ct. 1510, 1517 (2012) (discussing the law regarding strip searches in various contexts); Bell v. Wolfish, 441 U.S. 520, 545-46 (1979). Strip searches that involve touching but no physical harm also have been found to be constitutional. Gallagher v. Codfeller, No. 2:11CV181, 2012 WL 5361005, at * 4 (E.D. Va. Oct. 31, 2012) (citing Morrison v. Cortright, 397 F.Supp.2d 424, 425 (W.D.N.Y.2005) (finding that an isolated incident where officer ran his finger between inmate's buttocks and rubbed his body against inmate's buttocks did not violate the Eighth Amendment)). Plaintiff fails to allege that the August 5, 2012 strip search was conducted in an unreasonable manner. For these reasons, the court ALLOWS Defendants' motion to dismiss Plaintiff's claim regarding this search.

## Conclusion

For the aforementioned reasons: (1) Plaintiff's motion to amend his complaint [DE-18] is ALLOWED; (2) Plaintiff's motion to appoint counsel [DE-19] is DENIED; (3) Plaintiff's motion for relief [DE-20] is ALLOWED in part and DENIED in part; and (4) Defendants' motion to dismiss is ALLOWED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED. This the 18 day of March, 2014.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge